CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BENJAMIN K. KLEINMAN (NYBN 5358189)
MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorneys

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Benjamin.kleinman2@usdoj.gov
Molly.priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEB GORA,<br><br>Defendant. | CASE NO. 4:25-CR-00267-AMO-1<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: July 27, 2026<br>Time: 10:30 a.m.<br>Court: Honorable Araceli Martínez-Olguín |

## I. INTRODUCTION

The defendant, Gleb Gora, pleaded guilty to Count One of the captioned Indictment in violation of 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud, on May 11, 2026. PSR 2. The parties agree that the defendant's adjusted offense level is 18, the defendant's criminal history category is I, and, therefore, the defendant's guideline sentencing range is 27 to 33 months' imprisonment. PSR 3. The defendant's Sentencing Hearing is scheduled for July 27, 2026, and the government recommends that the Court impose a below guidelines sentence of 18 months' imprisonment.

On or about August 28, 2025, a two-count Indictment was filed in the Northern District of

California charging the defendant with Conspiracy to Commit Wire Fraud (Count One) and Wire Fraud (Count Two). PSR 1. An arrest warrant for the defendant was also issued. On or about October 1, 2025, the defendant was arrested in Singapore and has been in custody since his arrest. PSR 26. Therefore, on the day of the sentencing hearing, the defendant will have been in custody for approximately 10 months.

Ultimately, the government, the defendant, and U.S. Probation, all agree that a sentence below the defendant's guidelines is appropriate in this instance. The government agrees that U.S. Probation has correctly calculated the defendant's guidelines and, therefore, the defendant is not eligible for a two-point reduction pursuant to U.S.S.G. § 4C1.1, Zero-Point Offender. PSR 3. Nevertheless, the guidelines calculated in the presentence report do not change the government's recommendation. The government maintains that a recommendation of 18 months' imprisonment is sufficient but not greater than necessary based upon the sentencing factors set out in 18 U.S.C. § 3553(a), which are further discussed in the following sections.

**II. CONDUCT**

The defendant was the Chief Executive Officer at Vortex, a cryptocurrency market maker. PSR 11. The company was established in 2023, and, at its height, employed approximately 25 people. *See id.* The defendant, through his company, perpetrated a conspiracy to manipulate cryptocurrencies through "wash trading." PSR 12. As outlined in the PSR, "'Wash trading' created the appearance that Vortex clients' tokens had more active, organic trading markets that actually existed, thereby (i) inducing investors to purchase those cryptocurrencies at artificially inflated prices, and (ii) enabling the currencies to remain listed on exchanges." *Id.*

The defendant admitted that Vortex wash traded and thereby manipulated the market for its clients on over "50 different token projects," which resulted in pecuniary losses to unwitting investors. PSR 25. The defendant admitted that profits obtained illegally by Vortex were greater than $95,000. *See id.*

**III. SENTENCING RECOMMENDATION**

**A. Legal Standard**

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of

any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B. The Government's Recommendation is Sufficient but not Greater than Necessary**

There are several factors that support the government's recommended sentence of 18 months' imprisonment. *First*, the defendant has no criminal record. PSR 50. The government agrees with the factors outlined by U.S. Probation, which support a sentence below the guidelines. Probation notes that the defendant was relatively young at the time of the offense conduct (24-years-old), experienced some personal trauma in his youth, and had no prior criminal history. *See* PSR (Sentencing Recommendation) at 2. Moreover, the defendant has been in custody since October 1, 2025, including six months in Singapore. *See id.*; *see also* PSR 61.

*Second*, the defendant has accepted responsibility at the first available opportunity, including agreeing to forfeit a cryptocurrency wallet containing approximately $40,000 in illicit proceeds. *See id.* at 4. In accepting responsibility, the defendant appears sincere, both clearly articulating the offense conduct and showing true remorse as set forth in the PSR. The defendant explained, "I artificially inflated the trade volume of our client's crypto currencies . . . . I accept full responsibility for it." PSR 30. The defendant also, stated, "I am ashamed." PSR 31. The defendant was thoughtful when reflecting on the problematic thought processes that got him into trouble, stating, "I was in denial about what I was doing and told myself that I needed to make money so I could support myself, my future

wife, and my dad." PSR 33. The defendant's self-reflection and ownership of his actions are key aspects of specific deterrence.

*Third*, regarding general deterrence, the sentence demonstrates that those who perpetrate cryptocurrency pump-and-dump schemes will be arrested and serve time in prison. Furthermore, regarding specific deterrence for the defendant, he knows that the government will seek to arrest, prosecute, and imprison him should he continue to perpetrate cryptocurrency wash trading schemes. The government believes that the recommended sentence sends a clear message to the defendant that this criminal behavior will not be tolerated. Additionally, the defendant is not a United States citizen. Now, it is virtually certain that travel to the United States will be unavailable to him.

In conclusion, the government submits that the recommended sentence sends a clear message to the defendant and others that this criminal behavior will not be tolerated. Nor is the defendant, given his surprise at being arrested in Singapore and the time in custody he has served because of his actions, likely to repeat the criminal conduct for which he was prosecuted.

## IV. CONCLUSION

For these reasons, the government recommends that the Court sentence the defendant to 18 months' imprisonment and a $100 special assessment. The government believes that supervised release is not needed in this case because the defendant will promptly be deported following his release from custody and is not expected to be readmitted to the United States.

DATED: July 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Benjamin K. Kleinman*
BENJAMIN K. KLEINMAN
MOLLY K. PRIEDEMAN
Assistant United States Attorneys